

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

**FILED**
JAN 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 6, 2006

David Schertler, Esq.
Daniel Onarato, Esq.
Schertler & Onarato LLP.
601 Pennsylvania Avenue, N.W.
North Building, 9th Floor
Washington, D.C. 20004-2601

    Re:    <u>United States v. Gus Gardellini, a.k.a. Carlos Gustavo Gardellini</u>
              <u>Cr. No. 06-355</u>

Dear Counsel:

      This letter sets forth the full and complete plea offer to your client, Gus GARDELLINI. This offer is by the Criminal Division of the United States Attorney's Office for the District of Columbia and the Tax Division of the U.S. Department of Justice (the "Offices") and is binding upon both. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.    **Charges**: Pursuant to Fed. R. Crim. P. 11(c)(1)(a), Mr. GARDELLINI agrees to waive his right to a trial and plead guilty to the Information charging violation of Title 26 U.S.C. § 7206(1), Filing a False U.S. Individual Income Tax Return. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

      2.    **Penalties and assessments**: The Information charges the defendant with Filing a False U.S. Individual Income Tax Return in violation of Title 26, United States Code §7206(1) for 1998, which carries a maximum sentence of three years' imprisonment, a maximum fine, pursuant to Title 18 United States Code Section 3571 of the greatest of $250,000, twice the pecuniary gain derived from the offense, or twice the gross pecuniary loss to the United States, a $100 special assessment, supervised release of up to one year, and the costs of prosecution. The Court may also impose an order of restitution.

      3.    **Agreement**: Pursuant to Fed. R. Crim. P. 11(c)(1)(B) the parties agree that the

tax loss in this case is greater than $70,000 and less than $120,000. The parties agree that the Court shall sentence Mr. GARDELLINI after consideration of the factors contained in 18 U.S.C. §3553(a), and the court is obligated to calculate and consider, but is not bound by, the United States Sentencing Guidelines (2000). The government agrees that Mr. GARDELLINI is entitled to a two level reduction for acceptance of responsibility.

It is understood that, prior to the date of sentencing, the Mr. GARDELLINI shall file accurate amended personal tax returns for the calendar years 1998 through 2002. GARDELLINI will pay past taxes due and owing to the Internal Revenue Service ("IRS") by him for the calendar years 1998 through 2002, including any applicable penalties on such terms and conditions as will be agreed upon between GARDELLINI and the IRS. Mr. GARDELLINI also agrees to pay the special assessment of $100 within ten (10) days of sentencing by cashier's check or certified check made payable to Clerk, United States District Court for the District of Columbia.

In consideration of his plea to the above offense, the GARDELLINI will not be further prosecuted criminally by this Office and, with respect to tax offenses, the Tax Division, Department of Justice, for any crimes relating to the filing of false income tax returns for 1998 through 2002. This agreement does not provide any protection against prosecution except as set forth above.

4.   **Waiver of Rights:** Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. GARDELLINI expressly warrants that he has discussed these rules with his counsel and understands them. Mr. GARDELLINI voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Mr. GARDELLINI understands and agrees that any statements that he makes in the course of its guilty plea or in connection with this plea agreement are admissible against Mr. GARDELLINI for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

Mr. GARDELLINI waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (1) Mr. GARDELLINI's conviction is later vacated for any reason or (2) Mr. GARDELLINI violates this agreement. Mr. GARDELLINI understands that this waiver of the statute of limitations explicitly includes the extensions of time incorporated by the agreed Limited Waivers of Statute of Limitations executed by Mr. GARDELLINI on November 13, 2006, December 1, 2005, and March 8, 2005. Mr. GARDELLINI agrees that with respect to all charges referred to in the indictment, he is not a "prevailing party" withing the meaning of the "Hyde Amendments," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law. Mr. GARDELLINI further agrees not to file any claims under that law or claims of any other type against the Department of Justice, or any components of the Department, including the U.S. Attorney's Office, or against the Treasury Department or any components of the department,

including the Internal Revenue Service, or against any personnel of those departments and component offices or agencies, based on the conduct during the investigation and prosecution of this case.

GARDELLINI agrees that venue in the District of Columbia is proper for all purposes of effecting this plea of guilty and sentencing. He understands that any objection to venue is waived upon tendering a plea of guilty in this matter.

Mr. GARDELLINI hereby acknowledges that he is accepting this plea agreement and deciding to plead guilty because he is in fact guilty. By entering this plea of guilty, Mr. GARDELLINI waives any and all right to withdraw his plea or to attack his conviction, either on appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and impeachment material pursuant to Giglio v. United States, 405 U.S. 150, (1972) that has not already been produced as of the date of the signing of this agreement.

5.    **Restitution**: Mr. GARDELLINI agrees that the court may order restitution pursuant to 18 U.S.C. § 3572.

6.    **Court is Not Bound**: Mr. GARDELLINI understands that the Guidelines in this case are advisory, and the Court must consider the guidelines in conjunction with the factors set forth in 18 U.S.C. § 3553. Mr. GARDELLINI understands that no promises or understandings exist between this Office and GARDELLINI with respect to the application of those Guidelines to this case.

It is understood that the sentence to be imposed upon the GARDELLINI is determined solely by the Court. This Office cannot, and does not, make any promises or representations as to what sentence the GARDELLINI will receive. Moreover, it is understood that the GARDELLINI will have no right to withdraw his plea of guilty based upon the sentence imposed by the Court.

7.    **Breach of Agreement**: Mr. GARDELLINI agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence (for example, should your client commit any conduct after the date of this agreement – examples of which include but are not limited to, obstruction of justice and false statements to law enforcement agents, the probation office or the Court – the government is free under this agreement to seek an increase in sentencing based on that post-agreement conduct); b) Mr. GARDELLINI will not have the right to withdraw the guilty plea; c) Mr. GARDELLINI shall be fully subject to criminal prosecution for any other crimes which it has committed or might commit, if any, including perjury and obstruction of justice; and d) the United States will be free to use against Mr. GARDELLINI,

3

directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by it pursuant to this agreement.

In the event of such breach, any such prosecutions of Mr. GARDELLINI not time-barred by the applicable statute of limitations as extended by the executed waivers, on the date of the signing of this agreement may be commenced against him in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations in the interval between now and the commencement of such prosecutions. Mr. GARDELLINI knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

8.   **Complete Agreement**: No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. GARDELLINI, the United States Attorney for the District of Columbia, and the Department of Justice, Tax Division.

This agreement does not bind any federal, state, or local prosecuting authority other than the Offices, and does not prohibit the Offices from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving Mr. GARDELLINI, including, but not limited to, proceedings by the Internal Revenue Service.

If the foregoing terms and conditions are satisfactory, Mr. GARDELLINI may indicate his assent by signing the agreement in the space indicated below and returning the original to the United States Attorney's Office for the District of Columbia once it has been signed by Mr. GARDELLINI and his counsel.

Date: 12/8/06

*[signature]*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

Date: 12/8/06

*[signature]*
KAREN E. KELLY
TRIAL ATTORNEY
U.S. Department of Justice
Tax Division, Criminal Enforcement Section
601 D Street, N.W.
Washington, D.C. 20530

Date: 1-11-07

*[signature]*
GUS GARDELLINI
DEFENDANT

On behalf of Mr. Gardellini, I have read this plea agreement and have discussed it with him. Mr. Gardellini does this voluntarily of his own free will, intending to be legally bound. No threats have been made to Mr. Gardellini and he is pleading guilty because Mr. Gardellini is in fact guilty of the offenses identified in paragraph one.

Date: 1-11-07

*[signature]*
DAVID SCHERTLER, ESQ.

Date: 1-11-07

*[signature]*
DANIEL ONORATO, ESQ.