**HONORABLE HENRY H. KENNEDY, JR., UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-06-355</u> |
| | : | |
| vs. | : | SSN: _____ |
| | : | |
| GARDELLINI, Gus | : | Disclosure Date: <u>May 21, 2007</u> |

**FILED**
**JUN 29 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                    _5-30-07_____
Prosecuting Attorney                                                      Date

**For the Defendant**
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____                    _____
Defendant                    Date                                    Defense Counsel                    Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>June 4, 2007</u>, to U.S. Probation Officer <u>Deborah A. Stevens-Panzer</u>, telephone number <u>(202) 565-1422</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:    Gennine A. Hagar, Chief
       United States Probation Officer



**U.S. Department of Justice**

Tax Division

*Northern Criminal Enforcement Section*

P O Box 972, Ben Franklin Station
Washington, D.C. 20044
(202) 514-5150

May 30, 2007

BY FACSIMILE: (202) 273-0242

Deborah A. Panzer-Stevens
Senior United States Probation Officer
United States Probation Office

    Re:    United States v. Gus Gardellini, aka Gustavo Carlos Gardellini
            06-355

Dear Ms. Panzer-Stevens,

    In response to paragraph 64 of the Presentence Report Investigation in the above referenced matter regarding the issue of restitution, the government submits the following comments.

    The parties specifically agreed to restitution in this case. As terms of this plea agreement, the defendant agreed to file corrected amended tax returns with the IRS *prior* to sentencing. Accordingly, this issue will be resolved prior to sentencing on June 29, 2007.

    Nonetheless, in the event that no amended tax returns are filed with the IRS prior to sentencing, the government submits the following:

    Restitution in the amount of $76,078 for 1998 should be imposed as a condition of supervised release in this case. (See attached Appendix). If the defendant hasn't already paid all of his back taxes to the IRS by sentencing, as was agreed, then we also request that as a special condition of supervised release, the defendant is ordered to pay back taxes and get into compliance with his tax filings and payments. Restitution should be directed to:

    Attn: IRS
    MPU, Stop 151 (restitution)
    PO Box 47-421
    Doraville, GA 30362

- 2 -

The Court should order restitution as a condition of supervised release.[1] See 18 U.S.C. § 3563(b)(2); 18 U.S.C. § 3583(d); 18 U.S.C. § 3556; U.S.S.G. § 5E1.1(a); § 5E1.1, comment. (Backg'd); United States v. Butler, 297 F.3d 505, 518 (6th Cir. 2002); United States v. Bok, 156 F.3d 157, 167 (2d Cir. 1998); United States v. Daniel, 956 F.2d 540, 543-544 (6th Cir. 1992); United States v. Comer, 93 F.3d 1271, 1278 (6th Cir. 1996).

A court's authority to order restitution as condition of supervised release is explicitly recognized in the Sentencing Guidelines, which mandate the use of that authority. See U.S.S.G. §5E1.1(a)(2); Gall v. United States, 21 F.3d 107, 109-100 (6th Cir. 1994). Under § 5E1.1(a)(2), where a court finds that the government has suffered a loss, defendants convicted of the various tax crimes under Title 26 must be ordered to make restitution as a condition of supervised release. See U.S.S.G. § 5E1.1(a)(2).[2] If the sentencing court does not order restitution, or orders only partial restitution, it must state its reasons for not imposing full restitution on the record. See U.S.S.G. 4E1.1 comment. (Backg'd). District Courts may also order defendants to pay back taxes as a condition of supervised release. See 18 U.S.C. 3583(d); U.S.S.G. §5D1.3(b). See also United States v. Braxtonbrown-Smith, 278 F.3d 1348, 1356 (D.C. Cir. 2002); United States v. Hatchett, 918 F.2d 631, 644 (6th Cir. 1990) (collecting cases); United States v. Schiff, 876 F.2d 272, 275 (2nd Cir.

---

[1] Section 3563(b)(2) of Title 18 of the United States Code provides that a court may provide, as a condition of probation, that the defendant "make restitution to a victim of the offense under section 3556 (but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A))", and section § 3583(d) provides that a court may order as a condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) . . . ." Thus, a court may order the payment of restitution for a Title 26 violation as a condition of probation or as a condition of supervised release. See, e.g., Bok, 156 F.3d at 167; United States v. Butler, 297 F.3d 505, 518 (6th Cir. 2002), cert. denied, 538 U.S. 1032, 123 S. Ct. 2074 (2003).

[2] There are exceptions to the advisory Guidelines' mandate that a court impose restitution as either an independent element of the sentence or as a condition of probation or supervised release. See U.S.S.G. § 5E1.1(b)(2). The advisory Guidelines provide that a court may not order restitution or make it a condition of probation or supervised release if full restitution has already been made. U.S.S.G. § 5E1.1(b)(1). Similarly, the advisory Guidelines requirement that the court order the payment of restitution does not apply in the case of a restitution order under section 3663, a restitution order under section 3663A that pertains to an offense against property described in 18 U.S.C. § 3663A(c)(1)(A)(ii), or an order of restitution imposed as a condition of probation or supervised release if the court finds, from facts on the record, that the number of identifiable victims is so large as to make restitution impracticable or that determining complex issues of fact related to the cause or amount of the victim's loss would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process. U.S.S.G. § 5E1.1(b)(2). The Government has submitted schedules to the Probation Office and this Court which identify each financial transaction which is the basis of the actual tax loss, and sets forth with substantial clarity the restitution numbers. The Government intends to present testimony from the agents who prepared the summary charts at the sentencing hearing. See exhibits 19 and 26.

- 3 -

1989)(court may order defendant to comply with all state, federal or local laws.)

It is well settled that the United States and its agencies, such as the IRS, may be victims under 18 U.S.C. § 3663, and that an unpaid tax may represent a loss covered by restitution principles. See United States v. Gibbens, 25 F.3d 28, 32 (1st Cir. 1994); United States v. Helmsley, 941 F.2d 71, 101 (2d Cir. 1991).

Please do not hesitate to contact me if you have any questions or concerns in this matter.

Very truly yours,

Karen E. Kelly
Trial Attorney

cc: Schertler & Onorato

2492275.1